IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES A. ROCHESTER, | § | |
| | § | |
| Defendant Below, | § | No. 37, 2022 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1810008309 (K) |
| | § | |
| Appellee. | § | |

Submitted: March 31, 2022
Decided: June 9, 2022

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After consideration of the opening brief, the motion to affirm, and the record on appeal, it appears to the Court that:

(1)    The appellant, James A. Rochester, filed this appeal from a Superior Court's order adopting the Commissioner's report and recommendation and denying his first motion for postconviction relief under Superior Court Criminal Rule 61. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Rochester's opening brief that his appeal is without merit. We agree and affirm.

(2)    In December 2018, a grand jury indicted Rochester for multiple drug and weapon offenses. On April 25, 2019, Rochester filed a motion to suppress

evidence seized as a result of an unlawful search and seizure. The State filed a response to the motion. The Superior Court held a hearing on the motion on June 10, 2019. At the conclusion of the hearing, the Superior Court denied the motion to suppress, holding that police had probable cause to arrest Rochester and search his car after observing him take a firearm from the trunk of his car, rack the weapon, and conceal it in his waistband.

(3) On June 17, 2019, Rochester pled guilty to drug dealing and possession of a firearm during the commission of a felony ("PFDCF") in exchange for dismissal of the other charges. The State agreed to recommend twenty years of Level V incarceration, suspended after eight years. After conducting a guilty plea colloquy and accepting the guilty plea, the Superior Court sentenced Rochester, in accordance with the State's recommendation, as follows: (i) for drug dealing, fifteen years of Level V incarceration, suspended after three years for decreasing levels of supervision; and (ii) for PFDCF, five years of Level V incarceration.

(4) On appeal, Rochester argued that the State violated his constitutional rights by arresting him without probable cause. This Court held that Rochester's knowing and voluntary guilty plea constituted a waiver of the arguments raised in the motion to suppress.[1]

---

[1] *Rochester v. State*, 2020 WL 363678, at *1 (Del. Jan 21, 2020).

(5) On June 8, 2020, Rochester filed a timely motion for postconviction relief. Rochester argued that his trial counsel was ineffective. He subsequently filed a motion for appointment of counsel, which the Superior Court denied. After obtaining the affidavit of Rochester's counsel and the State's response to the motion for postconviction relief, a Superior Court Commissioner recommended that the Superior Court deny Rochester's motion. On July 27, 2021, the Superior Court issued an order adopting the Commissioner's report and recommendation and denying Rochester's motion for postconviction relief.

(6) Rochester filed an untimely appeal. After the State informed the Court that the prison mail log supported Rochester's claim that he did not receive the Superior Court's order in time to file a timely appeal, this Court remanded the matter for the Superior Court to reissue the July 2021 order.[2] The Superior Court reissued the order, and this timely appeal followed.

(7) As he did below, Rochester argues in his opening brief that his trial counsel was ineffective in her handling of the motion to suppress. Specifically, he contends that trial counsel was ineffective for failing to impeach the police officers who testified at the suppression hearing with information he provided her, file a motion for reargument, and sufficiently advise him of his appeal rights. We do not

---

[2] *Rochester v. State*, 2022 WL 188164 (Del. Jan. 20, 2022).

consider other ineffective assistance of counsel claims that Rochester raised below, but did not argue in his opening brief.[3]

(8)     This Court reviews the Superior Court's denial of postconviction relief for abuse of discretion.[4]  We review legal or constitutional questions, including claims of ineffective assistance of counsel, *de novo*.[5]  The Court must consider the procedural requirements of Rule 61 before addressing any substantive issues.[6]

(9)     The procedural requirements of Rule 61 do not bar Rochester's timely claims of ineffective assistance of counsel.[7]  Although the Commissioner incorrectly stated that Rule 61(i)(3) barred Rochester's ineffective assistance claims, the Commissioner nonetheless addressed the merits of those claims.[8]  A successful claim of ineffective assistance requires a claimant to show that: (i) his counsel's conduct fell below an objective standard of reasonableness; and (ii) there was a reasonable

---

[3] Supr. Ct. R. 14(b)(vi)(A)(3) ("The merits of any argument that is not raised in the body of the opening brief shall be deemed waived and will not be considered by the Court on appeal."); *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993) (recognizing that the failure to raise a legal issue in an opening brief generally constitutes a waiver).  In the proceedings below, Rochester also argued that counsel was ineffective for failing to file an interlocutory appeal and not using out-of-state caselaw that he provided her for the motion to suppress.

[4] *Starling v. State*, 130 A.3d 316, 325 (Del. 2015).

[5] *Id.*

[6] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).

[7] *Green v. State*, 238 A.3d 160, 175 (Del. 2020); *Bradley v. State*, 135 A.3d 748, 759 (Del. 2016).

[8] *Green*, 238 A.3d at 175 (rejecting the Commissioner's conclusion that Rule 61(i)(3) barred the appellant's ineffective assistance claims but concluding that reversal was unnecessary because the Commissioner and Superior Court had addressed the merits of those claims).

probability that, but for his counsel's errors, he would not have pleaded guilty but would have insisted on going to trial.[9]  Although not insurmountable, there is a strong presumption that counsel's representation was professionally reasonable.[10]

(10)  In arguing that his trial counsel should have impeached a testifying police officer regarding his prior statement that Rochester ran a stop sign, Rochester ignores that his counsel cross-examined multiple police officers with photographs showing that their view of one stop sign was obstructed and played video showing that Rochester stopped at another stop sign.  Rochester's counsel relied on this evidence to argue that there were no stop sign violations to justify the police officers' actions in her closing argument.  Impeachment on this point with a prior statement would have been cumulative evidence Rochester's counsel had already submitted.

(11)  Rochester also claims that his counsel did not use information he provided to her about the speed limit being fifteen miles per hour and his child living in the neighborhood where police observed him driving slowly.  But in fact she did ask one of the witnesses if the speed limit dropped to fifteen miles per hour and if he was aware that Rochester had children living in the area.  The witness testified that he did not believe the speed limit dropped to fifteen miles per hour, and that Rochester told him that he had a niece who lived there.  As to Rochester's claim that

---

[9] *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).
[10] *Albury*, 551 A.2d at 59 (citing *Strickland v. Washington*, 466 U.S. 668, 689 (1988)).

he told his counsel the gun was not loaded, multiple witnesses testified that they observed him racking the gun before concealing it in the waistband of his pants. Even if the gun was not loaded as Rochester now claims, the officers could not have known that when they observed him rack the gun.

(12) Rochester also fails to identify any basis for a motion for reargument. The proper purpose of a motion for reargument "is to request the trial court to reconsider whether it overlooked an applicable legal precedent or misapprehended the law or the facts in such a way as to affect the outcome of the case," not raise new issues or rehash arguments previously raised.[11] Rochester has not shown that his counsel's handling of the motion to suppress was professionally unreasonable or a reasonable probability of a different outcome. As the Commissioner recognized, Rochester faced many years of imprisonment if convicted of all of the charges. By pleading guilty, Rochester obtained the benefit of the State's sentencing recommendation and the dismissal of multiple weapon charges, including possession of a firearm by a person prohibited and carrying a concealed deadly weapon, exposing him to years of imprisonment.

(13) To the extent Rochester claims his guilty plea was not knowing, intelligent, or voluntary, this Court previously concluded otherwise.[12] Rochester has

---

[11] *Chrin v. Ibrix Inc.*, 2012 WL 6737780, at *2 (Del. Dec. 31, 20212).
[12] *Rochester*, 2020 WL 363678, at *1.

not identified anything that would lead to a different conclusion. At the time of his guilty plea Rochester knew his trial counsel had not litigated the motion to suppress as he wished her to, but still chose to plead guilty.

(14) Finally, the record does not support Rochester's claim that his trial counsel was ineffective for insufficiently informing him of his appeal rights. During the guilty plea colloquy, Rochester responded affirmatively when the Superior Court judge asked if he was aware that he was relinquishing his right to appeal. In addition, Rochester filed a timely notice of appeal and was represented by the Office of Defense Services on that appeal. The Superior Court did not err in finding Rochester's ineffective assistance of counsel claims without merit.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice